UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHAE CHON and YUNG CHON,              No. 2:10-cv-00509-MCE-KJM

       Plaintiffs,

  v.                                   MEMORANDUM AND ORDER

DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.; CENTRAL MORTGAGE COMPANY and DOES 1 through 100, inclusive,

       Defendants.

----oo0oo----

This action arises out of a mortgage loan transaction in which Plaintiffs Chae Chon and Yung Chon ("Plaintiffs") refinanced their home in August 2005.  Presently before the Court is a Motion by Defendant Central Mortgage Company ("Defendant") to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Also before the Court is Defendant's Motion to Expunge Lis Pendens.  For the reasons set forth below, Defendant's Motion to Dismiss is granted and Motion to Expunge Lis Pendens is denied.

1

# BACKGROUND[1]

As indicated in the Deed of Trust, on or about August 22, 2005, Plaintiffs entered into a loan agreement for $316,000.00 secured by property at 8180 Rama Court, Sacramento, California.[2] Downey Savings and Loan Association served as the lender. Defendant is the successor-in-interest.

Plaintiffs later defaulted on the loan. On May 29, 2009, a Notice of Default was recorded by Trustee Corps as agent for the beneficiary. A Notice of Trustee's Sale was recorded on November 30, 2009. Plaintiffs subsequently filed suit and recorded a lis pendens against the property on February 2, 2010.

Plaintiffs allege that the proceedings surrounding the loan agreement were tainted by fraud and that Defendant failed to comply with a host of federal and state laws including the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), egligence, Fraud, violation of Business and Professions Code §17200, Breach of Fiduciary Duty, Breach of Contract, and Breach of the Covenant of Good Faith and Fair Dealing. Plaintiffs seeks both damages and rescission of the mortgage loan.

---

[1] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

[2] Documents not physically attached to a complaint can nonetheless be considered in ruling on a 12(b)(6) motion if the complaint refers to such documents, the documents are central to the plaintiff's claims, and there is no question regarding the authenticity of the documents. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).

2

**STANDARD**

**A.   Motion to Dismiss under Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

///
///
///
///

3

In order to "state a claim for relief that is plausible on its face," Aschroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570), plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. "The plausibility standard is not akin to a probability requirement, but is asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal citation and quotation omitted).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**B. Motion to Expunge Lis Pendens**

"A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to possession of the real property described in the notice." Federal Deposit Ins. Corp. V. Charlton, 17 Cal. App. 4th 1066, 1069 (1993) (citing Cal. Code Civ. Pro. §§ 405.2, 405.4, 405.20).

4

Once filed, a lis pendens prevents the transfer of that property until the litigation is resolved or the lis pendens is expunged. BGJ Assoc., LLC v. Superior Court of Los Angeles, 75 Cal. App. 4th 952, 966-67 (1999). The lis pendens shall be expunged if the pleading on which the lis pendens is based does not contain a real property claim or the evidence fails to establish by a preponderance of evidence the probable validity of the real property claims. Orange County v. Hongkong and Shanghai Banking Corp. Ltd., 52 F.3d 821, 823-24 (9th Cir. 1995).

    To constitute a "real property claim" the cause of action, if meritorious, must affect the right of possession of specific real property or affect the title to the specific real property. Cal. Code Civ. Pro. § 405.4. The "probable validity" standard means "it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." Id. at § 405.3.

## ANALYSIS

**A. Motion to Dismiss under Rule 12(b)(6)**

    **1. TILA**

    Plaintiffs seeks to rescind their loan and recover damages pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1600 et. seq., alleging that they were not provided material disclosures regarding the loan as required under TILA. Defendant argues that Plaintiffs' claim for TILA violations is time-barred. Under TILA, civil damages are subject to a one-year statute of limitations and claims for rescission have a three-year statute of limitations when material disclosure are not provided.

5

See 15 U.S.C §§ 1640(e), 1635(f). Plaintiffs' loan closed on approximately August 22, 2005, triggering a statute of limitations for damages that expired August 22, 2006 and a statute of limitations for rescission that expired August 22, 2008. Plaintiffs, however, did not file suit until February 2, 2010.

To save their claim, Plaintiffs argue that equitable tolling should apply to suspend the statutes of limitations. The Ninth Circuit has held that "the doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). In determining justifiable application of the equitable tolling doctrine, a court "focuses on excusable delay by the plaintiff." Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002). To establish excusable delay, the plaintiff must show "fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts." Federal Election Com'n v. Williams, 104 F.3d 237, 240-41 (9th Cir. 1996).

Here, Plaintiffs have failed to exhibit the requisite due diligence necessary to warrant application of the equitable tolling doctrine. Plaintiffs argue that the alleged TILA violations by Defendant "were all discovered within the past year such that any applicable statute of limitations are extended."

6

This conclusory statement is insufficient to invoke the Court's equitable protection.  Plaintiffs have failed to show any concealment of facts by the Defendant or any level of inquiry on their own part within the time frame provided by Congress.

Equitable tolling will not be applied, and thus the statute of limitations period has run.  Defendant's Motion to Dismiss Plaintiffs' TILA claim is GRANTED.

### 2. **RESPA**

In response to Defendant's Motion to Dismiss their RESPA claim, Plaintiffs only request leave to amend.  (Pl.'s Opp. 5:14-15).  Resultantly, Defendant's Motion to Dismiss Plaintiffs' RESPA claim is granted.

### 3. **Plaintiffs' Remaining Causes of Action**

Having failed to successfully allege a federal claim, with only Plaintiffs' state law claims remaining, this Court ceases to have subject matter jurisdiction over the suit.  The Court declines to exercise its supplemental jurisdiction over the remaining state causes of action and they are dismissed without prejudice.

///
///
///
///
///

**B.     Motion to Expunge Lis Pendens**

A recorded lis pendens may only be expunged if the pleading on which the lis pendens is based does not contain a real property claim, or if the evidence fails to establish the probable validity of the real property claims. <u>Orange Cnty.</u>, 52 F.3d at 823-24. Plaintiffs' claims for violation of TILA, fraud, breach of contract, and breach of the covenant of good faith and fair dealing are causes of action which might constitute "real property claim[s]", as their validity may affect the right of possession or title to the property.

The Court finds that at the motion to dismiss stage, when Plaintiffs' allegations of fact must be accepted as true, it is not yet possible to make a finding by a preponderance of the evidence that Plaintiffs' real property claims are probably valid or not. Regardless of whether these claims are ultimately meritorious, there is an action currently pending which might affect title to the real property. A lis pendens, being a "notice of pending action", exists primarily as a signal to the world that a suit has been filed regarding the property, so as to ensure that there will not be a bona fide purchaser for value without notice. A ruling that would expunge such notification appropriately requires further litigation than has yet occurred here.

Accordingly, Defendant's Motion to Expunge Lis Pendens is denied without prejudice. Defendant is free to re-file said motion as circumstances merit.

///

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss Plaintiffs' Complaint (ECF No. 11) is GRANTED with leave to amend.  Defendant's Motion to Expunge Lis Pendens is DENIED.[3]

Plaintiffs may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiffs' claims against Defendant will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: August 20, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230 (g).