UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHAE and YUNG CHON, | No. 2:10-cv-00509-MCE-KJN |
| Plaintiffs, | |
| v. | <u>MEMORANDUM AND ORDER</u> |
| DOWNEY SAVINGS and LOAN, et al., | |
| Defendants. | |

Plaintiffs Chae and Yung Chon ("Plaintiffs") seek redress from Defendant Central Mortgage Company ("Defendant") based on alleged violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), among other state causes of action.  Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons set forth below, Defendant's Motion to Dismiss is granted.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

# BACKGROUND[2]

This action stems from a residential mortgage loan on Plaintiffs' property.  It is unclear from Plaintiffs' FAC whether the loan in question was an original financing loan, or some sort of refinancing transaction on an existing mortgage.  Plaintiffs do not disclose the date of their completed mortgage transaction in the FAC, however Defendant believes that the latest possible date of the transaction would have been September 2005, and the Deed of Trust attached to the original complaint lists the loan agreement date as August 22, 2005.  Plaintiffs allege that they have been victimized by the oppressive terms of their loan, and all the Defendants' "unscrupulous conduct."  Further, Plaintiffs allege that they did not receive the required disclosures at the time of refinancing, including the notice of the right to cancel, in violation of TILA and RESPA.  In their FAC, Plaintiffs additionally request equitable tolling as to their TILA claim.

# STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).

///

---

[2] The factual assertions in this section are based on the allegations in Plaintiffs' FAC unless otherwise specified.

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).  Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)).  A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Further, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing...grounds on which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal citations omitted).  A pleading must then contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

///

1    Once the court grants a motion to dismiss, they must then
2 decide whether to grant a plaintiff leave to amend. Rule 15(a)
3 authorizes the court to freely grant leave to amend when there is
4 no "undue delay, bad faith, or dilatory motive on the part of the
5 movant." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). In fact,
6 leave to amend is generally only denied when it is clear that the
7 deficiencies of the complaint cannot possibly be cured by an
8 amended version. See <u>DeSoto v. Yellow Freight Sys., Inc.</u>,
9 957 F.2d 655, 658 (9th Cir. 1992); <u>Balistieri v. Pacifica Police
10 Dept.</u>, 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should
11 not be dismissed under Rule 12(b)(6) unless it appears beyond
12 doubt that the plaintiff can prove no set of facts in support of
13 his claim which would entitle him to relief.") (internal
14 citations omitted).

15
16                            **ANALYSIS**
17
18    Plaintiffs allege violations of state and federal law and
19 requests relief accordingly. However, the issue before the Court
20 is not the substance of these various claims, but whether
21 Plaintiff has plead enough facts on the federal claim as a
22 general matter, for any to stand. While the complaint does not
23 need detailed factual allegations, it must still provide
24 sufficient facts alleged under a cognizable legal theory. <u>See
25 supra</u>.
26 ///
27 ///
28 ///

4

### A. TILA Claim

Plaintiffs seek to rescind their loan and recover damages pursuant to TILA, 15 U.S.C. § 1600 et. seq. Defendants argue that Plaintiffs' claim is time-barred because civil damages are subject to a one-year statute of limitations, and claims for rescission have a three-year statute of limitations.

For a plaintiff to collect civil damages from a defendant who failed to provide disclosures mandated by TILA, the statute of limitations requires plaintiff to file suit within one year from the "date of occurrence" of the alleged violation. 15 U.S.C. § 1640(e). The "date of occurrence" is the date the transaction is consummated, which in the case of a mortgage loan, is when the plaintiff closed on the loan. See Walker v. Washington Mut. Bank FA, 63 F. App'x. 316, 317 (9th Cir. 2003).

To sustain a claim for rescission under TILA, a consumer may elect to cancel their residential mortgage loan within three days of either the consummation of the transaction or delivery of required disclosures and rescission forms. 15 U.S.C. § 1635(f)(3). If the required disclosures are not provided, then the right to cancel the transaction extends to three years after the date the loan closed. 15 U.S.C. § 1635(f).

In the instant case, Plaintiffs are time-barred from asserting any damages under TILA, as the date of occurrence (the date of the loan transaction) was more than one year from the date the case was filed, and more than three years after any material disclosures should have been provided and Plaintiffs should have subsequently discovered the omission.

However, to save their claims, Plaintiffs argue that equitable tolling should apply to suspend the statutes of limitations.  The Ninth Circuit has held that "the doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986).  In determining justifiable application of the equitable tolling doctrine, a court "focuses on whether there was excusable delay by the plaintiff." Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002).  To establish excusable delay, the plaintiff must show "fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts." Federal Election Com'n v. Williams, 104 F.3d 237, 240-41 (9th Cir. 1996).

Here, Plaintiffs have failed to demonstrate they conducted the requisite due diligence.  In the FAC, Plaintiffs argue they did not have a reasonable opportunity to discover any TILA violations within the one-year statute of limitations because they were "not informed in any manner of the TILA tolerances." (FAC ¶ 35.)  Plaintiffs do not provide any further facts or information about the documents they read and reviewed, or any conduct on their part, that suggests excusable delay occurred. Plaintiffs' lack of information about their conduct leaves the Court an insufficient basis to invoke equitable tolling.

While Plaintiffs suggest Defendants concealed facts about the mortgage, they have not shown a scintilla of due diligence on their part.  Equitable tolling will not be applied, and thus the statute of limitations period has run.  Accordingly, Defendant's Motion to Dismiss Plaintiffs' TILA claim is granted.

There are few material differences between Plaintiffs original complaint and the FAC in regards to the TILA claim, and it is clear to this Court that no amendment will cure Plaintiffs' deficiencies with respect to TILA's definitive statutes of limitations.  As a result, leave to amend this cause of action is denied.

**B.   RESPA**

Plaintiffs allege that Defendant is in violation of RESPA, 12 U.S.C. § 2605, for failing to provide the required disclosures about the loan in question.  RESPA requires mortgage loan servicers who make "federally related mortgages" to provide certain disclosures to their customers about the type of loan and its obligations therein.  12 U.S.C. § 2605(a).  Failure of the mortgage loan servicer to comply with the statute results in potential damages and costs.  12 U.S.C. § 2605(f).

Plaintiffs fail to allege any material facts that begin to demonstrate Defendant violated the terms of RESPA.  There is little more in the FAC than a recitation of the law, which, under Twombly, simply cannot sustain a complaint upon which relief can be granted.  As such, Defendant's Motion to Dismiss as to this cause of action is granted.

### C. Plaintiff's Remaining Causes of Action

Plaintiffs' federal claims presently dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state cause of action. The Court need not address the merits of Defendant's Motion to Dismiss with respect to the remaining state law causes of action, as those issues are now moot.

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendant's Motion to Dismiss Plaintiffs' Complaint (ECF No. 18) is GRANTED.[3] Plaintiffs TILA claim is dismissed WITHOUT leave to amend. However, Plaintiffs may file an amended complaint as to their remaining causes of action not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiffs' remaining claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: December 7, 2010

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument. E.D. Cal. Local Rule 230 (g).